Mr. Justice Clayton
delivered the opinion of the court.
The record in this case discloses this state of facts. The present plaintiffs in error, in March, 1838, recovered a judgment in the circuit court of Yalobusha county, against General Thomas N. Waul, for $793 and costs. Execution was issued thereon, and a forthcoming bond given, with Stem Simmons as surety, which was forfeited in March, 1839. Afterwards, the said Simmons sued out a writ of audita querela, to reverse the statutory judgment, which writ was dismissed in the court below. Simmons prosecuted a writ of error to this court, from the judgment of dismission, and gave hond for the writ of error, with Henry D. Bridges, James N. Harper, and Thomas J. N.’ Bridges, as his sureties. The original defendant, Waul, was no party to any of the proceedings subsequent to the judgment upon the forthcoming bond. At the January term, 1S43, of this court, the writ of error was determined, and the judgment of the court below was affirmed. This court also gave judgment in favor of the then defendants in error, the now plaintiffs in error, “against the plaintiff in error, Stern Simmons, and' Henry D. Bridges, Janies N. Harper, and Thomas J. N. Bridges, his sureties, in the writ of error bond, for $872, and costs and damages.” This judgment was certified to the clerk of the circuit court of Yalobusha, who issued an execution upon it, not including Waul, the original defendant, against whom the judgment was first rendered, in the court below. The defendants gave a forthcoming bond, and, at the return *604 term, moved to quash the execution and the bond, for several reasons, two only of which are necessary, to be noticed by this court. They are as follows :
1. Because the execution is not founded on any judgment of the court, that is, of the circuit court, of Yalobusha.
2. Because the principal in the judgment, upon which the judgment of the high court of errors and appeals was founded, is not included in the said execution, or bond.
The court sustained the motion. The facts are spread out in a bill of exceptions, and the cause brought, by writ of error, to this court.
The statute directs, that a certified copy of the appeal, or writ of error bond, shall accompany the record to this court, and, in case the judgment, or decree, of the court below shall be affirmed, the supreme court shall enter up judgment, or decree, against all the obligors in the bond; “ and it shall be duty of the clerk of the court below, on the certificate of the clerk of the supreme court, to issue execution thereon accordingly.” H. & H. 635.
Waul, the original defendant, was no party upon the proceeding in this court; no judgment, therefore, could have been rendered against him. It follows, that when the clerk of the court below issued the execution upon the judgment of this .court, that the execution must conform to the judgment of this court. In no other way could there be a compliance with the statute.
This court could only have rendered judgment against Simmons, and his sureties in the writ of error bond; by which Waul could not be affected, as he was no party to it. He now f stands in the attitude of a party not joining in an appeal, or writ of error, as to whom there has been a summons and severance. He is still liable to the judgment, on the forfeited forthcoming bond, in the same manner, and to the same e'xtent, as before the writ of error. Execution may issue thereon, as to Waul, at any time, unless there be some other obstacle than the proceedings upon the writ of error in this case. Puckett v. Ainsworth, 1 Yer. 254.
*605 From this view it results, that the'execution and forthcoming bond were improperly quashed in the court below, and that the judgment must be reversed, and the cause remanded, that execution may issue in that court.- •

Judgment reversed.